## IN THE UNITED STATE BANKRUPTCY COURT
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 13 |
| | ) Case No.: 09 B 48054 |
| BURKS, CHARLENE | ) |
| | ) Judge Jack B. Schmetterer |
| Debtor. | ) Trustee Tom Vaughn |
| BURKS, CHARLENE | ) |
| Plaintiff, | ) |
| -vs- | ) Adv No. 10-00040 |
| Household Finance Corporation III | ) |
| Defendant. | ) |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ADVERSARY COMPLAINT TO DETERMINE VALUE OF SECURED CREDITOR'S CLAIM PURSUAN TO 11 U.S.C SECTION 506(a)

**Findings of Fact**

1. The Debtor, Charlene Burks, filed this Chapter 13 case on December 18, 2009. She owns her home commonly known as 8343 S. Crandon, Chicago, Illinois 60617. According to Debtor's schedule the home is subject to a first mortgage in favor Saxon Mortgage with a balance of $146,315.00. The home is also subject to a second mortgage in favor Household Finance Corporation III with a balance of $28,143.00. Lastly, the property is subject to a third mortgage in favor of Keybank with a balance of $13,670.00.

2. The value as determined by appraisal dated November 13, 2009 is $130,000.00.

3. The debtor scheduled the first mortgage with Saxon Mortgage with a balance of $146,315.00. Although Saxon Mortgage has not filed a claim to date the balance taken from a credit report pulled on November 11, 2009. On February 12, 2010, the creditor filed an objection to confirmation indicating in part that the new lien holder is U.S. Bank National Association, as Trustee Registered Holder of Asset Backed Securities Corporation Home Equity Loan Trust, Series 2005-HEI Asset Backed Pass-Through Certificates, Series 2005-HEI. The objection included no information correcting the information regarding the balance owed to U.S. Bank.

4. On December 31, 2009, Household Finance Corporation III filed a proof of claim stating a total amount due of $29,082.37 with an arrearage of amount of $4,342.22.

5. The mortgage of US Bank (formerly Saxon Mortgage) is a secured claim based on the mortgage recorded on December 3, 2004 as document no. 0433805017 with the Cook County Recorder of Deeds, Illinois.

6. The mortgage of Household Finance Corporation III is a secured claim based on the mortgage recorded on October 27, 2005 as document no. 0530021063 with the Cook County Recorder of Deeds, Illinois.

7. On January 26, 2010 the Debtor filed a Modified Chapter 13 Plan (the Plan). The plan provides for payment by the Debtor to the trustee of $250 per month for 60 months. Payments to secured claims in full and nine (9%) percent dividend to general unsecured creditors; payment of the first mortgage of $1,035.00 to be paid directly by the Debtor to Saxon Mortgage Service (this provision will be later changed pursuant to the objection filed on behalf of U.S. Bank); payment of a mortgage arrearage to Saxon in the amount of $6,000.00 through the trustee (this provision will be changed pursuant to the objection filed on behalf of U.S. Bank). Paragraph G of the special terms of the plan provides the following provision specifically dealing with the claim of Household Finance Corporation III: Second lien holder on residential property located 8343 S. Crandon, Chicago, IL, HFC, will be stripped due to lack of value. HFC's claim will be paid as a general unsecured nonpriority claim.

8. On January 7, 2010 the Debtor issued a summons and complaint pursuant to 11 U.S.C. Section 506(a) and Bankruptcy Rule 3012 to determine the value of security and creditor's allowed secured claim on Household Finance Corporation by regular first class mail to its registered agent.

9. The summons indicated that a motion or answer was required within 30 days of date of issuance. To this date no answer or motion has been filed.

10. Household Finance Corporation III has not provided any evidence that any one of the secured claims is invalid.

11. Household Finance Corporation III has not provided any evidence that the value of the real estate is not $130,000.00.

12. The secured claim on U.S. Bank in an amount of $146,315.00 exhausts all the value and equity in Debtor's residence, and there is no value and equity to support the secured claim of Household Finance Corporation III.

## Conclusions of Law

1. Jurisdiction lies under 28 U.S.C. Section 1334(b) to adjudicate, approve, and enforce the Debtor's effort by the Chapter 13 Plan to determine through confirmation and completion of such plan that the Debtor's third mortgage will no longer be secured. This is a core proceedings under 28 U.S.C. Section 157(b)(2)(k) to determine validity of liens, and is a proceeding to value the Household Finance Corporation's claim under Federal Bankruptcy Rule 3012 and 11 U.S.C. Section 506(a).

2. The claim of U.S. Bank, in an amount of $146,315.00 is secured by a first mortgage in the Debtor's residence.

3. The claim of Household Finance Corporation III in the amount of $29,082.37 is secured by a second mortgage in Debtor's residence.

4. The claim of Household Finance Corporation III in Debtor's residence is second in priority and junior to the lien of U.S. Bank.

5. The value of Debtor's residence is $130,000.00.

6. As there is no value or equity to support the second priority lien of Household Finance Corporation III, the Household Finance Corporation III claim is not a claim secured at all by a secured interest in the Debtor's principal residence, as the term is used in Section 1322(b) of the Bankruptcy Code, and the Debtor's Chapter 13 Plan may value the collateral under Federal Bankruptcy Rule 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *See In re Meyer 09 B 20268 (N.D., IL., January 29, 2010)*

7. Where there is no value available to secure the debt, then, in the language of the statute, there simply is no "claim secured only by a security interest in real property that is debtor's principal residence." 11 U.S. C. Section 1322(b)(2). The wholly unsecured claim falls outside the language of the statute. *In re Wie 2003 WL 1563959, S.D.Ind., January 08, 2003.*

DATED: 3/29/10

_____
JUDGE JACK B. SCHMETTERER

MAR 29 2010

/s/ Nicole G. Lawson
Nicole G. Lawson #6239473
The Lawson Law Group
1633 S. Michigan Ave.
Chicago, IL 60616
312-294-4100